**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM NIBLE, | No. 19-55890 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-02849-BAS-RBM |
| v. | |
| FINK; T. DIAZ, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| B. SELF; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted October 26, 2020[**]

Before: McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

California state prisoner William Nible appeals pro se from the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging First and Fourteenth Amendment violations arising out of the confiscation of a rune set that was mailed to Nible. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Nible's First Amendment free exercise claim because Nible failed to raise a genuine dispute of material fact as to whether the confiscation of his rune set substantially burdened the practice of his religion. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (explaining that a prisoner "asserting a free exercise claim must show that the government action in question substantially burdens the … practice of [the prisoner's] religion").

The district court properly granted summary judgment on Nible's Fourteenth Amendment due process claim because Nible had an adequate post-deprivation remedy under California law. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (no due process claim for deprivation of property where California law provides an adequate post-deprivation remedy).

The district court properly dismissed Nible's state law tort claims alleging violations of Tile 15 of the California Code of Regulations because the cited regulations do not create a private right of action. *See Thurman v. Bayshore Mgmt., Inc.*, 138 Cal. Rptr. 3d 130, 146-47 (Ct. App. 2012), *abrogated on other*

2                                                                                    19-55890

*grounds by ZB, N.A. v. Superior Court*, 448 P.3d 239 (Cal. 2019) (statutory language or legislative history must clearly indicate an intent to create a private right of action).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-55890